# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

**ASHLEY WILLIAMS**, *Individually, and on behalf of herself and others similarly situated*,

Plaintiff,

vs().  Case No. _____

**AMERICA'S COLLECTIBLES NETWORK, INC.**, *d/b/a JTV*

FLSA Collective Action
**JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Ashley Williams ("Plaintiff"), individually, and on behalf of herself and those similarly situated as a class, sues the Defendant, America's Collectibles Network, Inc., *d/b/a* JTV ("Defendant") and alleges as follows:

### I.   INTRODUCTION

1. During all times material to this action, Defendant employed Plaintiff as an hourly-paid sales agent. Plaintiff brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Defendant operates Jewelry TV, *dba* JTV, a company that sells jewelry via TV shows and advertising across the United States.

3. This action is intended to include each and every similarly situated hourly-paid sales agent who has worked for Defendant anywhere in the United States at any time within the past three (3) years.

1

## II. COVERAGE

4. Defendant is and/or has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

5. During Plaintiff's employment with Defendant, it earned more than $500,000.00 per year in gross sales.

6. During Plaintiff's employment with Defendant, it employed two (2) or more employees who handled goods, materials and supplies that travelled in interstate commerce.

7. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## III. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this district and has conducted business within this district at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## IV. PARTIES

10. Defendant is a Tennessee Corporation with its principal offices located at 9600 Parkside Drive, Knoxville 37922-2201. According to the Tennessee Secretary of State, Defendant may be served through Registered Agent: Robert F. Hall 9600 Parkside Drive, Knoxville, Tennessee 37922-2201 or wherever it may be found.

11. Plaintiff Ashley Williams is an adult citizen of the United States and was employed as an

2

Case 3:20-cv-00428-TRM-HBG   Document 1   Filed 10/02/20   Page 2 of 11   PageID #: 2

hourly-paid sales agent by Defendant in this district during all times relevant to this action. Plaintiff Williams' "Consent to Join" is attached as *Exhibit A*.

## V.     FACTUAL ALLEGATIONS

12. Plaintiff and those similarly situated were employed by, and worked for, Defendant as hourly-paid sales agents during the relevant statutory period.

13. Defendant employed Plaintiff and many other similarly situated hourly-paid sales agents throughout the United states who similarly were not paid for all their compensable work time as required by the FLSA.

14. Plaintiff and those similarly situated routinely worked for Defendant forty (40) or more hours per week within weekly pay periods during all times material to this action when including "edited-out" and "off-the-clock" work time, as specified hereinafter.

15. Plaintiff was paid on an hourly rate basis plus commissions, but her commissions did not exceed her wages within weekly pay periods during all times material. Neither did those similarly situated receive commissions in excess of their hourly wages within weekly pay periods during all times material to this collective action, per the class description set forth hereinafter.

16. Plaintiff regularly worked an eight and one-half hour (8.5) shift, five (5) days per week within weekly pay periods during all times material to this action, and also worked in excess of eight and one-half hour (8.5) shifts when having a prospective or regular customer on a telephone call at the end of her regular eight and one-half (8.5) shift.

17. Plaintiff and those similarly situated used their personal telephones to call Defendant to "clock-in" for their scheduled shifts each work day. However, Defendant "clocked-out" Plaintiff and those similarly situated at the end of their scheduled shifts each work day.

18. Plaintiff and those similarly situated were not paid for their entire eight and one-half (8.5) hour shifts during their "workdays" for the following reasons.

19. First, Defendant had a common plan, policy and practice of "editing-out" two (2), fifteen (15) minute rest breaks on a daily basis of Plaintiff and those similarly situated during their respective shifts and within their respective "workdays," although such short rest breaks are compensable under the FLSA/ These two (2), fifteen (15) minute rest breaks were deducted from their pay regardless of whether Plaintiff and those similarly situated performed work during such short rest breaks, and irrespective of whether they "clocked-out" during such fifteen (15) minute rest breaks.

20. Thus, Plaintiff and those similarly situated were not compensated for the two (2), fifteen (15) minute rest breaks per shift within their weekly pay periods during all times material to this collective action.

21. The two (2), fifteen (15) minute rest breaks rest breaks per day, five (5) days per week, during the regular weekly pay periods of Plaintiff and those similarly situated brought their total compensable hours to forty (40) per week during all times material.

22. Second, Defendant also had a common plan, policy and practice of "editing-out" thirty (30) minute meal periods on a daily basis of Plaintiff and those similarly situated during their respective shifts, whether they performed work duties during such shifts and/or whether they were not otherwise fully relieved of their job duties during such shifts – irrespective of whether they "clocked-out" of their computers during such thirty (30) minute unpaid meal periods.

23. Plaintiff and those similarly situated did perform job duties and/or, were not otherwise fully relieved of their job duties, during such thirty (30) minute unpaid meal periods within weekly pay periods during all times material to this action – and for which they were not compensated

4

for such thirty (30) minute meal periods at the applicable FLSA overtime rates of pay.

24. Third, Defendant also had a plan, policy and practice of "editing-out" the compensable time of Plaintiff and those similarly situated occurring after the beginning of their workdays when they were unable to "clock-in" because of the Defendant's computer system being down as well as "editing-out" compensable time of Plaintiff and those similarly situated during other times during their "workdays" when Defendant's computer system was down, preventing them from making and receiving communications to and from prospective and regular customers.

25. The compensable time of Plaintiff and those similarly situated was also "edited-out" during the time Defendant's computer system was down. As a consequence, they were not paid for such "edited-out" time within weekly pay periods during all times material at the applicable FLSA overtime rates of pay.

26. Fourth, Defendant also had a common plan, policy and practice of requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and those similarly situated to continue communicating with prospective and regular customers past the end of their regular shifts, as well as to perform other "off-the-clock" work duties past the end of their regular shifts, without compensating them for such "off-the-clock" work time at the applicable FLSA overtime rates of pay within weekly pay periods during all times relevant to this collective action lawsuit.

27. Plaintiff and those similarly situated did continue communicating with regular and prospective customers as well as performed other "off-the-clock" work past the end off their regular shifts within weekly pay periods during all times material to this action, without being compensated for such "off-the-clock" work time at the applicable FLSA overtime rates of pay.

28. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiff and

those similarly situated for all their aforementioned "edited-out" and "off-the-clock" work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

29. Defendant willfully, and with reckless disregard to established FLSA requirements, failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay within weekly pay periods during the relevant statutory period for all the aforementioned "edited-out" and "off-the-clock" work time.

30. Defendant failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay within weekly pay periods during the relevant statutory period for all the aforementioned "edited-out' and "off-the-clock" work time – without a good faith basis for such failure.

31. The unpaid "edited-out' and "off-the-clock" wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

32. As a result of Defendant's bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

33. Defendant's common plan, policy and practice of failing to compensate Plaintiff and those similarly situated for all their aforementioned "edited-out" and "off-the-clock" work time was a means to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## VI. CLASS DESCRIPTION

34. Plaintiff brings this action on behalf of the following similarly situated persons:

    All individuals who were employed by America's Collectibles Network, Inc. as

6

Case 3:20-cv-00428-TRM-HBG   Document 1   Filed 10/02/20   Page 6 of 11   PageID #: 6

hourly-paid sales agents and whose commissions did not exceed their hourly wages within weekly pay periods, and who performed such sales work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Collective Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

### VII. COLLECTIVE ACTION ALLEGATIONS

35. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

36. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

37. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

38. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than several hundred individuals within the class.

39. The claims of Plaintiff are typical of the claims of the class.

40. Plaintiff and other members of the class who worked for Defendant were subjected to the same compensation plans, policies, and practices, including the failure of Defendant to pay Plaintiff and class members for all their aforementioned "edited-out" and "off-the-clock" work time within weekly pay periods at the applicable FLSA overtime rates of pay, during all times material to this collective action.

41. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the

7

following:

- Whether Defendant required Plaintiff and other members of the class to work hours in excess of forty (40) per week within weekly pay periods of the limitations' period, without being compensated at one and one-half times their regular hourly rate of pay for all such overtime hours;
- Whether Defendant failed to pay Plaintiff and other members of the class all applicable overtime wages for all hours worked in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action;
- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;
- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and
- Whether Defendant is liable for interest, attorneys' fees and costs.

42. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

43. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

44. Plaintiff and other members of the class have suffered and will continue to suffer irreparable

8

Case 3:20-cv-00428-TRM-HBG   Document 1   Filed 10/02/20   Page 8 of 11   PageID #: 8

damage from the unlawful pay policies, practices, and procedures implemented and administered by Defendant.

45. The aforementioned unpaid "edited-out" and "off-the-clock" wage claims of Plaintiff and class members are unified though common theories of Defendant's FLSA violations.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

46. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

47. During their employment with Defendant, Plaintiff and other similarly situated hourly-paid sales agents worked more than forty (40) hours per week within weekly pay periods but were not paid overtime compensation for such work time as required by the FLSA.

48. Defendant's failure to pay Plaintiff and class members one and one-half times the proper regular hourly rate of pay for all their hours worked in excess of forty (40) per week within weekly pay periods during all times material was willful, with reckless disregard to FLSA's overtime requirements, and without a good faith basis for such failure.

49. As a result of Defendant's intentional, willful, and unlawful acts in failing to pay Plaintiff and other class members complete overtime compensation, Plaintiff and class members have suffered lost wages and other recoverable damages, plus reasonable attorneys' fees and costs.

50. The unpaid overtime claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually on behalf of herself and all other similarly situated members of the class, demand judgment, jointly and severally, against Defendant as well as to

9

request this Court to grant the following relief against said Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Defendant willfully violated the FLSA;

H. Award a reasonable incentive/assistance award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other class members and the risks she has undertaken in doing so; and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: October 2, 2020.                    Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***